So Ordered.

*Patricia C. Williams*
Patricia C. Williams
Bankruptcy Judge

Dated: November 16th, 2012

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

In re:

LLS AMERICA, LLC,

        Debtor.

BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,

        Plaintiff,

vs.

0817726 BC, LTD., et al.,

        Defendants.

No. 09-06194-PCW11

Adv. No. 11-80297-PCW

MEMORANDUM DECISION RE: CERTAIN DEFENDANTS' MOTIONS TO DISMISS

This adversary is one of hundreds commenced by the trustee of the LLS America, LLC ("LLS America") bankruptcy estate, which adversaries seek to recover money paid by the debtor to certain lenders or investors as part of an alleged Ponzi scheme conducted by the debtor. The following defendants filed motions to dismiss on April 25, 2012 in this adversary proceeding:

MEMORANDUM DECISION RE: . . . - Page 1

| **Defendant** | **ECF No.** |
|---|---|
| 692323 Capital, Inc. | 174 |
| BBI Group Investments | 176 |
| Dave and Bev Coello | 178 |
| Harrison Bay Dairy Farm, Ltd. | 180 |
| Doug and Barbara James | 182 |
| Iris MacDonald | 186 |
| Elaine Nichols | 188 |
| Gary and Erin Padgham | 190 |
| Gary and Iris Padgham | 192 |
| Thomas and Glenda Popowich | 194 |
| Mike and Marcelle Power | 196 |
| Kathy Roberts | 198 |
| Jackson Saunders | 200 |
| Martha Schultz | 202 |
| Ron and Lois Taylor | 204 |
| Stan and Diane Tymkow | 248 |

In a similar adversary, *Kriegman v. Cooper*, No. 11-80093-PCW, a written decision was entered on July 2, 2012, ECF No. 146, regarding similar motions to dismiss and an oral decision was rendered on May 24, 2012, ECF No. 118, on the issue of pleading fraud with particularity ("Previous Decision"). The issues regarding dismissal raised in the subject motions are the same as those raised in the Previous Decision. Many of the facts in the Previous Decision are relevant to the subject motions.

The trustee in a supplemental affidavit of Curtis Frye, ECF No. 238, and the defendants, by declarations, provided the following evidence:

1. <u>692323 Capital, Inc.</u> - The trustee presented evidence in this case that the defendant loaned or invested $30,113.42 (USD) and one (1) promissory note was issued. In eight (8) distributions occurring from June 2008 to August 2008, the defendant received $64,000.02 (USD). According to the trustee, the defendant filed a proof of claim in the amount of $155,000 in the underlying LLS America case. By declaration (ECF No. 175), Marvin Toews, on behalf of the defendant, presented evidence that it resides in Alberta, Canada, and did not solicit any business in the United States. The declaration does not state if the defendant was formed under the laws of Canada or the United States. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of the solicitation.

MEMORANDUM DECISION RE: . . . - Page 2

2. <u>BBI Group Investments</u> - The trustee presented evidence in this case that the defendant loaned or invested $32,500 (CAN) and two (2) promissory notes were issued. In 42 disbursements occurring from May 2004 to December 2008, the defendant received $94,926.69 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $63,000 in the underlying LLS America case. By declaration (ECF No. 177), Amar Bains, on behalf of the defendant, presented evidence that it was formed under the laws of Canada, does not operate a business in the United States, and each promissory note listed a Canadian entity as borrower with distributions only made in Canadian currency. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of solicitation.

3. <u>Dave and Bev Coello</u> - The trustee presented evidence in this case that the defendants loaned or invested $60,000 (CAN) and four (4) promissory notes were issued. In 61 distributions occurring from September 2004 to February 2009, the defendants received $66,846.14 (CAN). According to the trustee, the defendants filed a proof of claim in the amount of $84,000 in the underlying LLS America case. By declaration (ECF No. 179), the defendants presented evidence that they reside in Canada, rarely travel to the United States, and "virtually all" promissory notes listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of solicitation.

4. <u>Harrison Bay Dairy Farm, Ltd.</u> - The trustee presented evidence in this case that the defendant loaned or invested $50,000 (CAN) and one (1) promissory note was issued. In 29 distributions occurring from November 2004 to January 2008, the defendant received $81,249.91 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $93,750.08 in the underlying LLS America case. By declaration (ECF No. 181), Eric Van Dyk, on behalf of the defendant, presented evidence that it was formed under the laws of Canada, does not operate a business in the United States, and each promissory note listed a Canadian entity as a borrower with

MEMORANDUM DECISION RE: . . . - Page 3

distributions only made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of solicitation.

     5.    <u>Doug and Barbara James</u> - The trustee presented evidence in this case that the defendants loaned or invested $15,000 (USD) and two (2) promissory notes were issued. In 322 distributions occurring from October 1999 to October 2008, the defendants received $78,976.15 (USD) and $90,067.28 (CAN). According to the trustee, the defendants filed proofs of claims in the amount of $30,000 (USD) and $23,000 (CAN) in the underlying LLS America case. By declaration (ECF No. 183), the defendants presented evidence that they reside in Canada and rarely travel to the United States. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of solicitation.

     6.    <u>Iris MacDonald</u> - The trustee presented evidence in this case that the defendant loaned or invested $60,000 (CAN) and four (4) promissory notes were issued. In 45 distributions occurring between November 2005 and February 2009, the defendant received $64,284 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $85,050 in the underlying LLS America case. By declaration (ECF No. 187), the defendant presented evidence that she resides in Canada, rarely travels to the United States, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of solicitation.

     7.    <u>Elaine Nichols</u> - The trustee presented evidence in this case that the defendant loaned or invested $20,000 (USD) and two (2) promissory notes were issued. In 197 distributions occurring from February 2002 to January 2009, the defendant received $58,671.10 (USD). According to the trustee, the defendant filed a proof of claim in the amount of $54,600 in the underlying LLS America case. By declaration (ECF No. 189), the defendant presented evidence that she resides in Canada, has not

traveled to the United States for business matters, and "virtually all" promissory notes listed a Canadian entity as borrower. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of solicitation.

8. <u>Gary and Erin Padgham</u> - The trustee presented evidence in this case that the defendants loaned or invested $24,000 (CAN) and four (4) promissory notes were issued. In 22 distributions occurring from September 2005 to March 2009, the defendants received $55,366.67. According to the trustee, the defendants filed a proof of claim in the amount of $67,526.84 in the underlying LLS America case. By declaration (ECF No. 191), the defendants presented evidence that they reside in Canada, have not traveled to the United States for any business matters, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited outside the United States, but no details were provided regarding the manner of solicitation.

9. <u>Gary and Iris Padgham</u> - The trustee presented evidence in this case that the defendants loaned or invested $30,000 (CAN) and four (4) promissory notes were issued. In 22 distributions occurring from December 2005 to July 2008, the defendants received $76,000 (CAN). According to the trustee, the defendants filed a proof of claim in the amount of $87,728.60 in the underlying LLS America case. By declaration (ECF No. 193), the defendants presented evidence that they reside in Canada, have not traveled to the United States for any business matters, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited outside the United States, but no details were provided regarding the manner of solicitation.

10. <u>Thomas and Glenda Popowich</u> - Trustee presented evidence in this case that the defendants loaned or invested $75,000 (CAN) and four (4) promissory notes were issued. In 43 distributions occurring from November 2005 to February 2009, the

defendants received $80,372.70 (CAN). According to the trustee, the defendants filed a proof of claim in the amount of $99,665.14 in the underlying LLS America case. By declaration (ECF No. 195), the defendants presented evidence that they reside in Canada, rarely travel to the United States, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of solicitation.

11. <u>Mike and Marcelle Power</u> - The trustee presented evidence in this case that the defendants loaned or invested $80,000 (CAN) with 11 promissory notes issued. In 83 distributions occurring from December 2004 to October 2008, the defendants received $97,594.82 (CAN). According to the trustee, the defendants filed a proof of claim in the amount of $141,111.36 in the underlying LLS America case. By declaration (ECF No. 197), the defendants presented evidence that they reside in Canada, have not traveled to the United States for any business matters, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of solicitation.

12. <u>Kathy Roberts</u> - The trustee presented evidence in this case that the defendant loaned or invested $40,000 (CAN) and three (3) promissory notes were issued. In 131 distributions occurring from September 2003 to June 2008, the defendant received $90,166.66 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $40,000 in the underlying LLS America case. By declaration (ECF No. 199), the defendant presented evidence that she resides in Canada, rarely travels to the United States, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of solicitation.

13. <u>Jackson Saunders</u> - The trustee presented evidence in this case that the defendant loaned or invested an unknown amount and one (1) promissory note was issued. In 46 distributions occurring from June 2003 to July 2008, the defendant received $61,000 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $34,983 in the underlying LLS America case. By declaration (ECF No. 201), the defendant presented evidence that he resides in Canada, rarely travels to the United States, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of solicitation.

14. <u>Martha Schultz</u> - The trustee presented evidence in this case that the defendant loaned or invested $25,000 (CAN) and seven (7) promissory notes were issued. In 115 distributions occurring from January 2001 to July 2008, the defendant received $49,700.76 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $36,000 in the underlying LLS America case. By declaration (ECF No. 203), the defendant presented evidence that she resides in Canada, rarely travels to the United States, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of the solicitation.

15. <u>Ron and Lois Taylor</u> - The trustee presented evidence in this case that the defendants loaned or invested an unknown amount and four (4) promissory notes were issued. In 162 disbursements occurring from May 1998 to March 2009, the defendants received $68,041.62 (CAN). According to the trustee, the defendants filed a proof of claim in the amount of $30,000 in the underlying LLS America case. By declaration of only Lois Taylor (ECF No. 205) as co-defendant Ron Taylor is now deceased, she presented evidence that she resides in Canada, does not have regular interactions with the United States, and each promissory note listed a Canadian entity as borrower with

distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of solicitation.

The trustee in the affidavit of Curtis Frye filed in adversary proceeding No. 11-80157-PCW, ECF No. 11, and the defendants Stan and Diane Tymkow, by declaration, provided the following evidence:

<u>Stan and Diane Tymkow</u> - The trustee presented evidence that the defendant loaned or invested $50,000 (CAN) and three (3) promissory notes were issued. In 23 distributions occurring from January 2006 to February 2009, the defendant received $53,230.05 (CAN). According to the trustee, the defendant filed a proof of claim in the amount of $70,000 in the underlying LLS America case. By declaration (ECF No. 249), defendant Diana Tymkow presented evidence that co-defendant Stan Tymkow is deceased, that she resides in Canada, rarely travels to the United States, and each promissory note listed a Canadian entity as borrower with distributions primarily made from Canadian entities. The declaration further states that the loans or investments were solicited in Canada, but no details were provided regarding the manner of the solicitation.

The grounds for dismissal in the subject motions are: (1) ineffective service of process; (2) improper extraterritorial application of United States bankruptcy law; and (3) failure to state the alleged fraud with particularity as required by Fed. R. Civ. P. (9)(b). The reasoning regarding the denial of dismissal based on those grounds is set forth in the Previous Decision and is applicable to the subject motions.

As in the Previous Decision, one basis for the request to dismiss is the lack of personal jurisdiction. As articulated in the Previous Decision, the filing of a proof of claim is a consent to jurisdiction to adjudicate that claim and the related action brought by the trustee of the LLS America estate under 11 U.S.C. § 548. The reasoning regarding the denial of dismissal based upon a consent to personal jurisdiction is set forth in the

Previous Decision and is applicable to the subject motions, which are **DENIED**. Counsel for the defendants shall submit orders consistent with this decision.

///END OF MEMORANDUM DECISION///

MEMORANDUM DECISION RE: . . . - Page 9