So Ordered.

*Patricia C. Williams*
Patricia C. Williams
Bankruptcy Judge

Dated: April 17th, 2013

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>LLS AMERICA, LLC,<br>        Debtor.<br>_____<br>BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,<br>        Plaintiff,<br>vs.<br>0817726 BC, LTD., et al.,<br>        Defendants.<br>_____ | No. 09-06194-PCW11<br><br><br>Adv. No. 11-80297-PCW11<br><br>MEMORANDUM DECISION RE: PLAINTIFF'S MOTION TO COMPEL CONCERNING DEFENDANT GERHARD KRIEF (ECF NO. 432) |

    The purpose of this decision is to provide guidance to the parties concerning plaintiff's Motion to Compel Discovery (ECF No. 432) compelling defendant Gerhard Krief (hereinafter "named defendant") to answer discovery and to resolve said motion. As there are numerous related adversary proceedings brought by the same plaintiff in which similar discovery issues may arise, this memorandum decision should also be of guidance in those adversaries.

MEMORANDUM DECISION RE: . . . - Page 1

Counsel for the named defendant appeared at the hearing on April 15, 2013, but had filed a motion to withdraw from representation of the named defendant. Counsel for the named defendant has agreed to provide a copy of this Memorandum Decision and Order Granting Plaintiff's Motion to Compel to the named defendant, together with any revised discovery requests by the plaintiff. Defendant's counsel, per the agreement, may then seek an order of withdrawal.

The named defendant must comply with this Memorandum Decision and Order Granting Plaintiff's Motion to Compel, whether without the benefit of counsel or whether with new counsel. To date, no explanation has been provided justifying the failure to respond to the many interrogatories and requests for production. Nor has any explanation been provided supporting the basis for the numerous objections to the same.

## **FACTS**

The interrogatories were initially served December 27, 2012, with the responses received January 29, 2013. Plaintiff's motion to compel discovery was filed March 26, 2013 (ECF No. 432). Counsel for the named defendant filed a motion to withdraw in the District Court under case No. 11-cv-00360-RMP on March 25, 2013 (District Court ECF No. 76). The standards concerning compliance with discovery rules are applicable to both unrepresented parties and those that are represented by counsel.

Based solely upon a review of the responses to the interrogatories and requests to produce, it appears likely that the responses were not formulated in good faith. Although a few of the objections are well taken, overall the responses ignore the spirit of discovery as well as the rules regarding discovery. The objection, which is based upon the lack of any temporal limits, is well taken. Plaintiff must amend or supplement the discovery to provide a temporal limit.

Not a single document was produced in response to 19 document requests. There is simply no response of any kind to many of the interrogatories. Most of the objections to the interrogatories are ill founded and/or spurious. For example, Interrogatory No. 1 requests the full name, residential address, and date of birth of the named defendant. No

information is provided due to the objection that the information sought is not relevant. It is difficult to imagine a lawsuit where the full legal name of the defendant is irrelevant. In this and other related adversaries, defendants have raised issues of insufficiency of service of process and jurisdiction, which certainly render a request for information as to residence relevant. As to the request for the date of birth of the named defendant (or date of formation and primary place of business for a corporate defendant) that information too may be relevant.

The preliminary conclusion is that the named defendant should be sanctioned $500 payable to counsel for the plaintiff as partial compensation to plaintiff of the costs of proceeding with the motion to compel.

Should the named defendant believe that sanction is inappropriate, an explanation regarding the failure to respond to many of the interrogatories and requests to produce must be served and filed by no later than **May 5, 2013**, together with a motion to reconsider. Should such motion be filed, it is the moving party's duty to contact the court to schedule a hearing.

## **REQUIREMENTS IN GENERAL**

1. Each question or request to produce which contains the word "invest" is objected to on the basis that the term is vague and ambiguous. Plaintiff defined the term at paragraph 20, which definition is adequate to formulate a response by the named defendants. This objection is not well-founded and appears to be an attempt to avoid discovery goals.

2. An objection is made to any questions and requests to produce which contain the term "financial statement" on the basis that the term is vague or ambiguous. The term is commonly used not only in the business world, but also in consumer transactions and has a commonly understood meaning. The term is not vague. The objection is overruled. However, to assist the named defendant, the named defendant is advised that the term refers to documents (the plaintiff has included electronic information in the definition of "documents"), which contain information regarding

assets and liabilities, and/or income and expenses and/or profit and loss.

3. There are several interrogatories and requests regarding expert witnesses. The named defendant has not responded. If no experts have been retained, the named defendant should so state. As to experts on common issues, if the named defendant is relying upon the experts previously identified for the summary judgment hearing regarding common issues as described in the Amended Case Schedule Order Re Common Issues (ECF No. 214) in adversary proceeding No. 11-80299-PCW11, the named defendant should so state. The named defendant is also directed to review the Amended Case Schedule Order Re Non-Common Issues (ECF No. 219) in adversary proceeding No. 11-80299-PCW11, which is applicable in this adversary. The Amended Case Schedule Order Re Common Issues (ECF No. 214) requires experts regarding common issues to be made available for depositions by May 31, 2013. The Amended Case Schedule Order Re Non-Common Issues (ECF No. 219) requires all experts regarding non-common issues to be identified and Rule 26 materials exchanged by June 20, 2013, with all discovery completed by July 15, 2013.

Parties responding to discovery are specifically required by Fed. R. Bankr. P. 7026(e) to supplement <u>ALL</u> responses to interrogatories, should information be discovered which renders the prior answer incorrect or misleading. As to experts, if and when the named defendant identifies experts, the named defendant must promptly supplement the interrogatories and requests with the appropriate information.

4. The named defendant must comply with the requests to produce documents. Fed. R. Bankr. P. 7034 requires that defendants identify each document as being produced in response to a particular request and provide an index of the documents produced. Again, the named defendant is reminded that the definition of "document" includes electronic documents, which are addressed in Fed. R. Bankr. P. 7034(E).

5. Some objections refer to a "privilege" as excusing production of documents or communications. The response must be amended to state the nature of the privilege, i.e., attorney-client, spousal, etc. A privilege log is required to be produced for the

response, which must include the nature of the item not produced, the date and identity of the person other than the named defendant involved in the communication, i.e., spouse, attorney, etc. The log must be indexed.

**6. Failure to participate and respond to discovery as required in this order or Fed. R. Civ. P. 26 may result in sanctions, which may include directing that certain facts are established for purposes of the action, prohibiting certain claims or defenses, striking pleadings and awarding fees and expenses for delay. Fed. R. Bankr. P. 7037; Fed. R. Civ. P. 37(b)(2)(A)(i)-(iv), (c).**

**SPECIFIC INTERROGATORIES AND REQUESTS FOR PRODUCTION**

A response must be made to each interrogatory and request to produce. Even though a particular interrogatory or request to produce is not specifically identified in this decision, a full and complete response must be made and any objection set forth. By responding, the named defendant is not waiving any such objection. If the named defendant has already provided the requested information or documents, the named defendant must indicate the date which the information was provided and to whom and how it was provided, i.e., attachment to a proof of claim, an e-mail to counsel, etc. The named defendant is cautioned that although some of the requested information may have been provided previously, it may not have been as specific or as complete as is now requested. Because the named defendant is not now represented by counsel, and the level of financial sophistication is unknown, plaintiff may, at its option, choose to clarify any interrogatories or requests to produce, but is only required to do so as specifically required herein.

Interrogatory No. 3 - Plaintiff must clarify that this interrogatory and others referring to "claims and defenses," is limited to claims and defenses of the answering defendant(s).

Interrogatory No. 4 - This is one of many interrogatories for which no response was made. The named defendant must describe in detail the actions the named defendant undertook to locate all documents requested, including the identity of any other

MEMORANDUM DECISION RE: . . . - Page 5

individuals from whom the named defendant requested assistance in the search.

<u>Interrogatory No. 9</u> - The named defendant must describe in detail the circumstances leading to the decision to invest or loan funds with the debtor.

<u>Interrogatory No. 11</u> - The named defendant must respond with specificity to the best of his recollection and provide the documents referenced in Request for Production No. 4 or, if appropriate, provide a privilege log.

<u>Interrogatory No. 13</u> - This interrogatory must amended or clarified by the plaintiff.

<u>Interrogatory No. 15</u> - An objection is made that the date of the document should not be provided as the documents speak for themselves. In this case, there are instances of undated documents and a postal strike which allegedly prevented delivery of mailed documents. Thus, request for the date of receipt of the documents is relevant.

<u>Request for Production Nos. 16 and 17</u> - These Requests for Production contain an objection that they are vague and ambiguous. They are not. It is difficult to understand how the requests could be made plainer. Should the named defendant continue to object on the basis that the request is unduly burdensome, the objection must set forth the specific basis for the objection and describe the burden imposed.

<u>Request for Production No. 19</u> - The objection that this request duplicates the documents sought in Request for Production No. 5 would have been well-founded if any response had been provided to Request for Production No. 5. All documents sought in Request for Production No. 5 and/or Request for Production No. 19 must be produced.

This Memorandum Decision resolves plaintiff's Motion to Compel Discovery (ECF No. 432) and an order will be entered accordingly.

///END OF MEMORANDUM DECISION///